IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN LAVON COBB, <br> AIS #290615, <br><br> Petitioner, <br><br> v. <br><br> ANTONIO MCCLAIN, *et al.*, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:24-cv-14-RAH <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Steven Lavon Cobb, an inmate proceeding *pro se*, filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. 1.) Thereafter, Respondents filed an Answer, which argues that Cobb's claims are time-barred and procedurally defaulted. (Doc. 10.) On March 20, 2024, the Court ordered Cobb to file any reply on or by April 10, 2024. (Doc. 11.) He has not done so. Upon consideration of the parties' filings, and for the reasons set forth below, Cobb's § 2254 Petition will be denied without an evidentiary hearing, and this case will be dismissed with prejudice.

### BACKGROUND

On May 24, 2013, Cobb was convicted on two charges for unlawful possession of a controlled substance in Butler County, Alabama, in case numbers CC-2013-56 and CC-2013-57. (Doc. 10-1 at 21, 74, 137, 190.) On July 11, 2013, Cobb was sentenced to a 40-year term of imprisonment on each charge, both to run concurrently. (*Id.* at 116–17; Doc. 10-2 at 32–33.) Cobb filed a timely appeal. The Alabama Court of Criminal Appeals reversed, holding that the trial court failed to

properly advise Cobb prior to allowing him to represent himself. *Cobb v. State*, 155 So. 3d 318, 322–23 (Ala. Crim. App. 2014).

Following remand, Cobb pleaded guilty to a lesser sentence under a negotiated plea agreement with the State. (Doc. 10-15; Doc. 10-16.) On December 1, 2014, pursuant to the plea agreement, Cobb was sentenced to 20 years' imprisonment, split to serve 42 months. (Doc. 10-18; Doc. 10-19.) Cobb did not appeal, nor did he attempt to collaterally attack those proceedings or his conviction or sentence in a Rule 32 proceeding.

On March 18, 2020, in an unrelated case, Cobb was indicted for second degree assault in Butler County, Alabama, in case number CC-2020-16. (Doc. 10-20; Doc. 10-21.) He entered into a plea agreement with the State for a recommended sentence of 16 years' imprisonment. (Doc. 10-20.) On November 5, 2020, Cobb was sentenced to 16 years' imprisonment in accordance with the agreement. (*Id.*) Cobb did not appeal, nor did he attempt to collaterally attack those proceedings or his conviction or sentence in a Rule 32 proceeding.

Cobb filed the instant Petition on January 12, 2024. (Doc. 1.) In his Petition, Cobb states that his trial and appellate counsel in his 2013 criminal cases was constitutionally deficient because counsel failed to object to the initial indictment due to a drug quantity defect, failed to object to the trial court's failure to serve Cobb with notice of a hearing, failed to give proper jury instructions, and failed to object to certain evidence. He also argues that the trial court lacked subject matter jurisdiction because of the defective indictment. Concerning the 2020 criminal case, Cobb claims the habitual felony offender act was not properly invoked thereby creating an unauthorized sentence, that aggravating and mitigating factors did not warrant two 20-year sentences, that the trial court failed to inform Cobb of the maximum and minimum sentences in all three criminal cases he could receive, and

2

that the two controlled substances convictions in 2013 were improperly consolidated.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Relevant to this matter, under 28 U.S.C. § 2244(d)(1)(A), the one-year limitation period runs from the latest of "the date on which the judgment became

final by the conclusion of direct review or the expiration of the time seeking such review."

Here, in his 2013 criminal cases, Cobb was sentenced on December 1, 2014. He did not appeal, although he had 42 days to do so. Ala. R. App. P. 4(b). Accordingly, the one-year period of time began to run on January 12, 2015—the expiration of the appeal period—and expired on January 12, 2016.

In his 2020 criminal case, Cobb was sentenced on November 5, 2020. He did not appeal. Accordingly, the one-year period of time began to run on December 17, 2020, and expired on December 17, 2021.

Since he filed his Petition on January 1, 2024, the Petition is untimely as to all three criminal cases.

Recognizing the likely untimeliness of his Petition, Cobb states in his Petition that "he is not subject to the procedural bars as contained within 28 U.S.C. Antiterrorism and Effective Death Penalty Act of 1996" because "[t]he one-year statute of limitations is not a procedural bar to Cobb's 28 U.S.C. Section 2254 habeas corpus petition" and "Cobb will clearly show extraordinary circumstances." (Doc. 1 at 13–14.)

A petitioner whose claim would otherwise be barred as untimely under the AEDPA limitations period may nevertheless be entitled to equitable tolling "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). However, "equitable tolling is an extraordinary remedy . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). The United States Supreme Court has held that a petitioner may obtain equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

4

filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014).

Here, when given the opportunity to explain why his Petition should not be dismissed as untimely, Cobb did not file a response. Because the Petition and record fail to show any grounds for tolling, Cobb has not met his burden of showing his entitlement to equitable tolling. His Petition is therefore untimely and due to be dismissed.

## CONCLUSION

Accordingly, for the reasons set forth above, Steven Lavon Cobb's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (doc. 1) is **DENIED** and this case is **DISMISSED with prejudice**. Because Petitioner has not "made a substantial showing of the denial of a constitutional right," a certificate of appealability will not be issued. 28 U.S.C. § 2253. Final judgment will be entered separately.

**DONE**, on this the 24th day of February 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE